# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| DWAYNE E. ANDERSON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:11CV822 TCM |
| RAYMOND GRUENDER, et al., | ) ) ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 11102321), an inmate at Shelby County Jail, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $8.68. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of

(1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $43.38, and an average monthly balance of $7.23. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $8.68, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose

of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

**The Complaint**

Plaintiff brings this action pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), against three judges on the Eighth Circuit Court of Appeals: The Honorable Ray Gruender; The Honorable Diana E. Murphy; and The

Honorable Bobby E. Shepherd. In sum, plaintiff disagrees with the Court of Appeals' decision to dismiss his appeal. See Anderson v. Rendlen, Case No. 10-3204 (8th Cir. 2011).

Also before the Court is plaintiff's motion to change venue of this case from the Eastern District of Missouri to another district that plaintiff believes would not have a "conflict of interest" with the present action.

## Discussion

The Court declines to change the venue of this action to another district court outside the Eighth Circuit Court of Appeals. Although plaintiff states broadly that he believes any court in the Eighth Circuit will have a conflict of interest, he has not articulated why he believes that the judges in this Court would lack impartiality in this matter.

The test for recusal is "whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case." Moran v. Clarke, 296 F.3d 638, 648 (8th Cir. 2002) (quoting In re Kan. Pub. Employees Ret. Sys., 85 F.3d 1353, 1358 (8th Cir. 1996)). If this test is not satisfied, judges have a duty to decide the cases and controversies which come before them. See Perkins v. Spivey, 911 F.2d 22, 28 (8th Cir. 1990); see also Cheney v. U.S. Dist. Ct., 541 U.S. 913, 916 (2004) (memorandum of Scalia, J.).

This Court lacks any special relationship with the named Eighth Circuit Judges that would preclude impartiality in this matter. As plaintiff is aware, the district court is a separate and distinct entity from the Eighth Circuit Court of Appeals, and the undersigned feels that I can impartially review the instant matter. As such, it is my duty to do so. After reviewing the complaint, the Court finds that this case is subject to dismissal under 28 U.S.C. § 1915.

The law is clear that the defendants are entitled absolute immunity for actions which they took in their positions as judges in the Eighth Circuit Court of Appeals. As the United States Supreme Court has recognized in Cleavinger v. Saxner, 474 U.S. 193, 199-200 (1985):

> This Court has observed: "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." Pierson v. Ray, 386 U.S. 547, 553-554, 18 L.Ed.2d 288, 87 S.Ct. 1213 (1967). The Court specifically has pronounced and followed this doctrine of the common law for more than a century. In Bradley v. Fisher, 13 Wall 335, 20 L.Ed. 646 (1872), it ruled that a federal judge may not be held accountable in damages for a judicial act taken within his court's jurisdiction. Such immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." Id. at 347, 20 L.Ed. 646.

For these reasons, defendants are entitled to absolute immunity from plaintiff's claims, and this action is subject to pre-service dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for change of venue [Doc. #4] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to proceed forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $8.68 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 19th day of May, 2011.

 RODNEY W. SIPPEL
 UNITED STATES DISTRICT JUDGE